FRANCIS H. HEREFORD, plaintiff in error, *v.* WAYMAN CROW, defendant in error.

*Error to Montgomery.*

The object of special pleading is to present one single isolated question, or point in issue, so as to avoid that confusion arising from a multiplicity of distinct issues in the same pleading. But this rule should not be confounded with the statement of as many distinct facts as may be necessary to present one cause of action, or defence.

A count containing two causes of action, a plea setting up two defences, and a replication traversing two material facts, either of which being wanting in the plea, would break the chain, and cut off the defence, would be bad for duplicity.

To a declaration in an action upon a due bill, by the assignee against the maker, the defendant pleaded, that on the 18th day of November, and before the assignment, he paid the due bill to the payee, and that the same was not assigned on the 17th, as alleged, but long after. The plaintiff replied, that the defendant did not pay the due bill to the payee, on the 18th, before it became due, or before it was assigned; and that the bond was assigned on the 17th, as set forth. On demurrer for duplicity: *Held,* that the replication was not defective; the averment that the assignment was made on the 17th, being immaterial.

In the same case, the defendant also pleaded want of consideration, and that the due bill was not assigned on the 17th of November, but long after it became due; to

(1) 7 Peters 615.  (2) 6 Conn. 277.
(3) 15 Johns. 571.  (4) 1 Hopkins 373.
(5) 20 Johns. 442.

which the plaintiff replied, that there was a good consideration, and that the due bill was assigned on the 17th, as alleged: *Held,* on demurrer for duplicity, that the replication was sufficient.

Where there are issues of fact, upon other pleas, it is error for the Court to render judgment for the plaintiff, upon overruling a demurrer to the plaintiff's replication to one of the defendant's pleas.

This cause was heard in the Court below, at the October term, 1842, before the Hon. Sidney Breese. Judgment was rendered for the plaintiff for $230.86 debt, and $40.30 damages.

J. GILLESPIE, for the plaintiff in error, cited Steph. Plead. 253–4; 2 Scam. 31, 52, 77; 3 Johns. 315–18; Gould's Plead. 40, § § 49–52; *Ibid.* 406, § 49.

L. TRUMBULL, for the defendant in error. A replication may frequently put in issue several facts, where they amount to only one connected proposition. 1 Chit. Plead. 641; Gould's Plead. Ch. 8, § § 9, 12; Steph. Plead. 260, 261–2; 15 Wend. 351.

SCATES, Justice, delivered the opinion of the Court:

This was an action of *debt,* by petition and summons, on the following due bill:

"$238.36.

"Due John Kercheval, or bearer, two hundred and thirty dollars and thirty-six cents, value received, this 17th November, 1839.

"$238.36.            F. H. HEREFORD.   [Seal.]"

Endorsed:

"For value received, I do assign the within bond to Wayman Crow, this 17th day of November, 1839.

"JNO. KERCHEVAL."

The defendant pleaded four several pleas. The first was the general issue, to which there was a joinder. The second was, in substance, that on the 18th of November, 1839, and before the assignment, the defendant paid the due bill to John Kercheval, and that the due bill was not assigned on the 17th of November, as alleged, but long after. The third was a plea of setoff, to which there was a general traverse. The fourth was, in substance, a want of consideration, and that the due bill was not assigned on the 17th of November, 1839, but long after it became due and payable. To the second plea the plaintiff replied, that the defendant did not pay the due bill to John Kercheval, on the 18th of November, 1839, before the same became due, or before said due bill was assigned, and that the due bill was assigned on the 17th of November, 1839, as set forth. To the fourth he replied, that there was a good consideration paid by the said Kercheval, and received by the said Hereford; and that the due bill was assigned on the 17th of November, 1839, as alleged. To these replications the defendant demurred specially, for duplicity, in this, that the repli-

cation to the second plea denies payment before assignment, and avers that it was assigned on the 17th. And the replication to the fourth plea avers a good consideration, and that it was assigned on the 17th.

The Court overruled the demurrer, and rendered judgment thereon for the plaintiff.

The errors assigned are,

*First.* Overruling the demurrer; and,

*Second.* Rendering judgment for the plaintiff.

The question on the first assignment is purely of technical pleading, and does not affect the merits. The object of special pleading is to present one single, isolated question or point in issue, so as to avoid that confusion arising from a multiplicity of distinct issues in the same pleading. (1) This rule obtains, whether the pleading be declaration, plea, replication, or subsequent statement. (2) But this rule should not be confounded with the statement of as many distinct facts as may be necessary to present one cause of action or defence. (3)

A count containing two causes of action, a plea setting up two defences, and a replication traversing two material facts, either of which, being wanting in the plea, would break the chain, and cut off the defence, would be bad for duplicity. And here it is proper to remark, that, as the pleadings progress, each subsequent pleading must narrow down the facts, so as to present at least one isolated point or issue; otherwise the pleadings might be almost interminable, or present, at last, that multiplicity of immaterial issues and confusion which the law so much abhors, and which it is the object of special pleading to avoid.

The case before us is a good illustration of the rule. The plaintiff declares that the defendant executed his bond to Kercheval, on the 17th of November, 1839, which was assigned to him the same day. Here are two facts stated to show one cause of action, in the plaintiff, viz: the execution of the note, and assignment to the plaintiff. The defendant may deny the execution, or assignment, but cannot deny both in the same plea; as either would be a substantial defence, and defeat a recovery. So, he may plead payment; but, for like reason, he cannot add either of the others. Again, several facts are necessary to constitute a good defence against an assignee. The assignment must have been made after the falling due of the due bill; or, if made before that, the plaintiff must have had notice of the payment, before the assignment. Here are several facts constituting but one defence; each and all are necessary; if either is wanting, a link is broken, and the defence fails. A replication denying any one of them, would defeat it. If payment was not made, it is immaterial when it was

(1) Steph. Plead. 252—9; 1 Chit. Plead. 259—61; 2 Scam. 31, 52, 77.
(2) Gould's Plead. 406.       (3) Steph. Plead. 262; Gould's Plead. 406.

assigned. If made, he must show that it was assigned after it became due, else the payment is not good. If that be not true, he must show that the plaintiff had notice before the assignment. Two facts are necessary to make out the defence. A denial of one of them will defeat it. To deny both, in the same replication, would be duplicity. (1)

Material matter, though illy pleaded, will suffice to make a plea double ; (2) but immaterial matter will not render a plea bad for duplicity.

An analytical examination of the replications, by these principles, will test their technical sufficiency. Is there a traverse of two distinct, substantive facts in the replication to the second plea; or one such fact traversed, and other material matter illy pleaded ? Time of payment is the material fact denied, viz: that it was made before it was due or assigned. This is a full answer, and sufficient to cut off the defence; but it also adds, that 'it was assigned on the 17th. *Non constat,* that it was due and paid before the assignment; therefore this matter is immaterial, and will not vitiate.

The replication to the fourth plea avers, there was a good consideration. This is sufficient. It also adds, that it was assigned on the 17th. *Non constat,* that it was due, and it is immaterial. (3) The time, in relation to the falling due of the due bill, and not the day of assignment, is the material, issuable fact.

And this is fully illustrated, in this case, by remarking, that the due bill was due the moment it was executed and delivered. So, it might be very true, that it was assigned on the day of its date; and yet true, that it was done after it was due.

The other assignment of error is well taken. There were two other issues of fact, which the Court did not dispose of, but rendered judgment for the plaintiff, on the demurrer, for debt, interest, and costs. It was so ruled in the case of Merriweather *v.* Gregory, (4) in a case directly in point. The Court, upon overruling the demurrer, should have proceeded to try, or dispose of the issues.

The judgment is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*

(1) Steph. Plead. 252—9 ; 1 Chit. Plead. 259—61.
(2) Steph. Plead. 259-60.     (3) Steph. Plead. 260.     (4) 2 Scam. 50.